## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

BRIAN MURPHY,
an individual,

                                                 Case No.:

       Plaintiff,

v.

FLORIDA CASH AMERICA, INC.,
a/k/a CASH AMERICA INTERNATIONAL,
INC, d/b/a CASH ADVANCE, INC.,
a Florida for-profit corporation,
CASHLAND FINANCIAL SERVICES, INC.,
d/b/a CASHLAND, a foreign for-profit
corporation, and ENOVA INTERNATIONAL,
INC., a/k/a CNU OF FLORIDA, LLC,
d/b/a CASHNETUSA, a foreign limited
liability company,

       Defendants.

_____/

### VERIFIED COMPLAINT

**COMES NOW** Plaintiff, BRIAN MURPHY (hereinafter, "Plaintiff"), by and through

the undersigned counsel, and hereby sues Defendants, FLORIDA CASH AMERICA, INC.,

a/k/a CASH AMERICA INTERNATIONAL, INC, d/b/a CASH ADVANCE, INC. (hereinafter,

"Cash America"), CASHLAND FINANCIAL SERVICES, INC., d/b/a CASHLAND

(hereinafter, "Cashland"), and ENOVA INTERNATIONAL, INC., a/k/a CNU OF FLORIDA,

LLC, d/b/a CASHNETUSA (hereinafter, "CashNetUSA") (hereinafter collectively,

"Defendants").  In support thereof, Plaintiff alleges:

### PRELIMINARY STATEMENT

      This is an action for damages for violations of the Florida Consumer Collection Practices

Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA"), the Fair Debt Collection Practices

Act, 15 United States Code, Section 1692a, *et seq.* (hereinafter, the "FDCPA"), and for declaratory judgment and injunctive relief in equity.

## JURISDICTION, VENUE & PARTIES

1.      Jurisdiction of this Court arises under 15 United States Code, Section 1692k(d), 28 United States Code, Section 1337, and supplemental jurisdiction exists for the FCCPA claims pursuant to 28 United State Code, Section 1367.  Declaratory relief is available pursuant to 28 United States Code, Sections 2201 and 2202.

2.      Venue in this District is proper because Defendants transact business in this District, and the conduct complained of herein occurred in this District.

3.      At all material times herein, the conduct of Defendants, complained of below, occurred in Pinellas County, Florida.

4.      At all material times herein, Plaintiff is an individual residing in Pinellas County, Florida.

5.      At all material times herein, Defendant Cash America is a for-profit corporation existing under the laws of the state of Florida that, itself and through its subsidiaries, regularly extends consumer loans and attempts to collect said consumer loans from consumers in Pinellas County, Florida.

6.      At all material times herein, Defendant Cashland is a for-profit corporation existing under the laws of the state of Delaware that, as a wholly-owned subsidiary and affiliate of Defendant Cash America, regularly collects debts allegedly due to Defendant Cash America or another of Defendant Cash America's subsidiaries or affiliated companies in Pinellas County, Florida.

7.      At all material times herein, Defendant CashNetUSA is a limited liability

company existing under the laws of the state of Delaware that, as a wholly-owned subsidiary and affiliate of Defendant Cash America, regularly provides internet-based payday loan services to consumers in 32 states, including consumers in Pinellas County, Florida.

## GENERAL ALLEGATIONS

8.      At all material times herein, Defendants CashNetUSA and Cash America are each a "creditor" as defined by Florida Statutes, Section 559.55(5).

9.      At all material times herein, Defendants Cashland and Cash America are each a "debt collector" as defined by 15 United States Code, Section 1692a(6) and Florida Statutes, Section 559.55(7).

10.     At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8) and 15 United States Code, Section 1692a(3).

11.     Defendant Cashland is an entity who regularly collects or attempts to, directly or indirectly, collect debts owed or due, or asserted to be owed or due, to itself or one of Defendant's affiliates or subsidiaries from consumers in Pinellas County, Florida.

12.     Defendant Cash America is an entity who, in the process of collecting its consumer debts from consumers in Pinellas County, Florida owed to itself or one of Defendant's affiliates or subsidiaries, uses names other than Defendant Cash America's own that indicates a third party is collecting or attempting to collect said consumer debts.

13.     At all material times herein, Defendants attempt to collect a debt, including but not limited to, a balance allegedly due on a personal loan referenced by Defendants' account number ending in -5812 (hereinafter, the "Debt").

14.     At all material times herein, the Debt is a consumer debt, an obligation resulting from a transaction for goods or services and was incurred primarily for personal, household or

family use.

15.     At all material times herein, Defendants are each a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Sections 559.55(5) and 559.55(7); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

16.     At all material times herein, Defendants' conduct, with respect to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2) and 15 United States Code, Section 1692a(2).

17.     Defendants' conduct, namely the drafting and sending of the various electronic mail messages and attached documents, more specifically described below, that simulate government entities threatening Plaintiff in an attempt to collect the Debt, as such term is defined and complained of below, qualifies as a "representation" and/or "means" as those terms are used in the FDCPA, Sections 1692d, 1692e, and 1692f.

18.     At all material times herein, Defendants acted themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

19.     All necessary conditions precedent to the filing of this action occurred or have been waived by Defendants.

## FACTUAL ALLEGATIONS

20.     On or about May 24, 2010, Plaintiff applied for and received a loan from Defendant CashNetUSA, an affiliate and wholly-owned subsidiary of Defendant, in the amount of $500.00.

21.     On or about June 4, 2010, Plaintiff paid off the immediately-aforementioned loan in full by making a $555.00 payment to Defendant CashNetUSA.

22.     All of the electronic mail messages sent to Plaintiff, more specifically described below, were sent by Defendant Cashland acting in its capacity as in-house debt collector for Defendants Cash America and CashNetUSA and were sent with the knowledge, approval, and consent of Defendants Cash America and CashNetUSA.

23.     All of the electronic mail messages sent to Plaintiff, more specifically described below, constitute indirect attempts to collect the Debt by Defendants Cash America and CashNetUSA.

24.     On or about July 22, 2014, Defendant Cashland sent Plaintiff an electronic mail message in an attempt to collect the Debt (hereinafter "First Email"). Please see attached a true and correct copy of the First Email labeled as Exhibit "A1-A2."

25.     The First Email alleged that the "Amount Outstanding" of the Debt was $740.00, but provided no explanation as to why the Debt increased to that amount.  *See* Exhibit "A1-A2."

26.     The First Email contained the following language:

a.      "This Legal Proceedings issued on you Docket no: 4100;"

b.      "the accounts department of Cash Advance has decided to mark this case as a flat refusal and press legal charges against you;"

c.      Plaintiff's personal information, including the name of Plaintiff's employer and Plaintiff's social security number;

d.      "We have sent you this warning notification about legal proceedings on March 8, 2014 but you failed to respond on time now it's high time if you failed to respond in next 24 HOURS we will register this case in court."

e.      "And we will be Emailing/Fax this issue to your current employer to make sure they take strict [*sic*] against you."

5

f.      "Your salary wages will be garnished."

g.      "Do revert [*sic*] back if you want to get rid of these legal consequences and make a payment arrangement today or else we would be proceeding legally against you."

h.      "We would hate for you to lose the option of resolving this before it goes to the next step which is a Lawsuit against you, but to do so you must take immediate action."

i.      "We will be forced to proceed legally against you and once it is processed the creditor has entire rights to inform your employer and your references regarding this issue and the law suit will be the next step which will be amounting to $6,300.00 and will be totally levied against you and that would be excluding your attorney charges."

j.      "If you take care of this out of court then we will release the clearance certificate from the court and we will make sure that no one will contact you in future."

k.      "Please let us know what your intention is by today itself so we can hold the case or else we will submit the paper work to your local county sheriff department and you will be served by court summons at your door step."

l.      "Note: This notice is provided to you on behalf of Cash Advance Inc. and its parent company , and their respective family of companies including Cash Advance, its parent company, Cash America International, Inc., and all of their respective subsidiaries and affiliates, (hereafter collectively referred to as the 'Cash Advance Related Companies,' …)."

m.      "The Cash Advance Related Companies include … CashNet USA[.]"

n.      "WE MAY REPORT INFORMATION ABOUT YOUR ACCOUNT TO

6

CREDIT BUREAUS. LATE PAYMENTS, MISSED PAYMENTS, OR OTHER DEFAULTS ON YOUR ACCOUNT MAY BE REFLECTED IN YOUR CREDIT REPORT."

*See* Exhibit "A1-A2."

27.    Following receipt of the First Email, Plaintiff contacted Leavengood, Dauval, Boyle & Meyer, P.A. (hereinafter, "Undersigned Counsel") in order to investigate Defendants' assertions in the First Email.

28.    The First Email was signed by a "Joseph Foster" claiming to be a licensed "State Attorney" in Texas.

29.    Undersigned Counsel contacted both licensed attorneys in Texas with the name "Joseph Foster" and neither is affiliated with Defendants in any way.

30.    On or about July 25, 2014, Defendant Cashland sent Plaintiff a second electronic mail message in an attempt to collect the Debt (hereinafter, "Second Email"). Please see attached a true and correct copy of the Second Email labeled as Exhibit "B."

31.    The Second Email contained the following language:

a.    "This is to inform you that we have received, a PENDING law ACTION against your name and your Social Security Number."

b.    "The time is NOW; reason being it is a VERY SENSITIVE MATTER."

c.    "This is the last NOTIFICATION you will receive in regards to this."

d.    "Pending DOCKET number is 700 ACC."

e.    "In order to get additional information in regards to this matter you MUST call within 6 hours of receipt of this e-mail message. Should you ignore this communiqué, we WILL advice our CLIENT to PROCEED further with the LEGAL

ACTION AGAINST you."

*See* Exhibit "B."

32.     The Second Email was also signed by a "Joseph Foster" claiming to be a licensed state attorney, but this time licensed to practice in Washington, D.C.

33.     Undersigned Counsel, however, was unable to find a single licensed attorney named "Joseph Foster" in Washington, D.C., the contact information provided by "Joseph Foster" did not include a street address, and the phone number provided is disconnected.

34.     Attached to the Second Email was a document purporting to be an arrest warrant (hereinafter, "Alleged New York Arrest Warrant") for Plaintiff due to Plaintiff's alleged failure to pay the Debt, listing a "Joseph Foster" as a licensed attorney in New York, along with what claims to be a judge's signature and a seal of the United States Department of State.  Please see attached a true and correct copy of the Alleged New York Arrest Warrant labeled as Exhibit "C."

35.     The Alleged New York Arrest Warrant contained the following language:

a.      "An Application by a federal law enforcement officer or an attorney for the government requests to send notice for the following person BRIAN MURPHY."

b.      "US CASH ADVANCE IS PRESSING CHARGES AGAINST YOUR NAME REGARDING THREE ALLEGATIONS

            i.      Violation Of Federal Banking Regulation

            ii.     Collateral Check Fraud

            iii.    Theft By Deception"

c.      "Violation of these laws carry criminal penalties of up to five years imprisonment and a fine of upto $50,000."

d.      "For a person engaged in the business, it is also a federal crime to

knowingly accept, in connection with the participation of another person in unlawful internet gambling, credit, electronic funds transfer, or checks. (31 U.S.C. 5363 and 5366)."

        e.       "You can apply for an Offer In Compromise (OIC): You may be eligible for an OIC if you cannot pay the amount you owe in full or through installments. By requesting an OIC, or we shall start the process of pressing those charges against you."

*See* Exhibit "C."

36.      Undersigned Counsel attempted to contact "Joseph Foster" at the New York phone number provided on the Alleged New York Arrest Warrant to no avail and further discovered that the only licensed attorney in New York by that name is deceased.

37.      On or about January 15, 2015, at approximately 10:26 a.m. ET, Defendant Cashland sent Plaintiff another electronic mail message in an attempt to collect the Debt (hereinafter, "Third Email").  Please see attached a true and correct copy of the Third Email labeled as Exhibit "D1-D2."

38.      The Third Email contained the following language:

        a.       "This Legal Proceedings issued on you Docket no: 4100"

        b.       "the accounts department of Cash Advance has decided to mark this case as a flat refusal and press legal charges against you"

        c.       **"AMOUNT OUTSTANDING: $955.75"**

        d.       "We have sent you this warning notification about legal proceedings on May 8, 2014 but you failed to respond on time now it's high time if you failed to respond in next 24 HOURS we will register this case in court."

        e.       "And we will be Emailing/Fax this issue to your current employer to make

sure they take strict [*sic*] against you."

     f.       "Your salary wages will be garnished."

     g.      "Do revert [*sic*] back if you want to get rid of these legal consequences and make a payment arrangement today or else we would be proceeding legally against you."

     h.      "We would hate for you to lose the option of resolving this before it goes to the next step which is a Lawsuit against you, but to do so you must take immediate action."

     i.      "We will be forced to proceed legally against you and once it is processed the creditor has entire rights to inform your employer and your references regarding this issue and the law suit will be the next step which will be amounting to $6,300.00 and will be totally levied against you and that would be excluding your attorney charges."

     j.      "If you take care of this out of court then we will release the clearance certificate from the court and we will make sure that no one will contact you in future."

     k.      "Please let us know what your intention is by today itself so we can hold the case or else we will submit the paper work to your local county sheriff department and you will be served by court summons at your door step."

     l.      "Note: This notice is provided to you on behalf of Cash Advance Inc. and its parent company , and their respective family of companies including Cash Advance, its parent company, Cash America International, Inc., and all of their respective subsidiaries and affiliates, (hereafter collectively referred to as the 'Cash Advance Related Companies,' …)."

     m.      "The Cash Advance Related Companies include … CashNet USA[.]"

n.    "WE MAY REPORT INFORMATION ABOUT YOUR ACCOUNT TO CREDIT BUREAUS. LATE PAYMENTS, MISSED PAYMENTS, OR OTHER DEFAULTS ON YOUR ACCOUNT MAY BE REFLECTED IN YOUR CREDIT REPORT."

*See* Exhibit "D1-D2."

39.    On or about July 31, 2014, Plaintiff retained Undersigned Counsel with respect to the Debt and Defendants' unlawful collection thereof.

40.    On or about January 15, 2015, at approximately 12:43 p.m. ET, Defendant Cashland sent Plaintiff an electronic mail message in an attempt to collect the Debt claiming to be a representative of the "Financial Crimes Enforcement Network" (hereinafter, "Fourth Email").  Please see attached a true and correct copy of the Fourth Email labeled as Exhibit "E1-E2."

41.    The Fourth Email contained the following language and allegations:

a.    Less than two hours after the Third Email, Defendant alleged that Plaintiff now owed $896.39 but failed to provide an explanation as to why the Debt decreased to that amount.

b.    "This is to inform you, that you are going to be legally prosecuted in the Court House within couple of days."

c.    "Your SSN is put on hold by US Federal Government, so before the case if filed we would like to notify you about this matter."

d.    "It seems apparent that you have chosen to ignore all our efforts to contact you in order to resolve your debt with Payday Services."

e.    "UNITED LEGAL INVESTIGATION BUREAU HAS STATED 4

SERIOUS ALLEGATIONS AGAINST YOU AND THEY ARE:

        i.      VIOLATION OF FEDERAL BANKING REGULATION

        ii.     COLLATERAL CHECK FRAUD

        iii.    THEFT BY DECEPTION

        iv.    ELECTRONIC FUND TRANSFER FRAUD."

f.     "if you are under any state probation or payroll we need you to inform your manager/Concerned HR department about what you have done in the past and what would be the consequences once the case has been downloaded and executed in your name."

g.     "We reserve the right to commence litigation for intent to commit wire fraud under the pretense of refusing to repay a debt committed to, by use of the internet."

h.     "WE CARRY ALL THE RIGHTS RESERVED TO INFORM TO FBI, FTC, YOUR EMPLOYER AND BANK ABOUT FRAUD."

i.     "And once you are found guilty into the court house, then you have to bear the entire cost for this law suit which totals to $4271.15, excluding loan amount, attorney's fee & the interest charges."

*See* Exhibit "E1-E2."

42.    Attached to the Fourth Email was a document titled "**<u>FINAL NOTICE BEFORE LEGAL ACTION</u>**" (hereinafter, "Final Notice"). Please see a true and correct copy of the Final Notice attached as Exhibit F.

43.    The Final Notice contained the following language and assertions:

a.     The Final Notice claims to be issued to "Defendant" by "Law Firm" and signed by "Section Officer: Ray Carter" at the Financial Crimes Enforcement Network.

b.      The Final Notice also provided a phone number ((909) 999-8843) and email address (financialcrimesdepartment1@gmail.com) to supposedly contact "Officer Carter" that do not match the actual contact information for the Financial Crimes Enforcement Network by phone (1-800-767-2825 or (703) 905-3591)) or email (FRC@fincen.gov).

c.      "Due to acquiescence in this matter, and continued failure to pay, we have referred this matter to an agent to CONTINUE PROCEEDINGS."

d.      "From the time you are reading this you will have No days to settle this matter with us and make the payment; this will be your last opportunity to avoid court proceedings and substantial costs associated therewith."

e.      "There will be no further warnings made for demands of payment."

f.      "Court proceedings can include the additional expenses of legal costs and interest being added to the balance of this account."

g.      "It is regrettable that it has come to this point and court action is still avoidable if immediate and full settlement of this account is made. The case is not yet downloaded and you have been offered the valuable time of 1 day by the court house."

h.      "If there is no Quick Response Found From Your End. There Would Be Legal Action Taken against You and the Legal Case Paper's would be forwarded to Your Employer's Place Also."

i.      The Final Notice also bears a seal claiming to be from the Financial Crimes Enforcement.

*See* Exhibit "F."

44.      On or about March 9, 2015, at approximately 10:44 a.m. ET, Defendant

Cashland's agent or representative "Jason Scott" sent Plaintiff an electronic mail message in an attempt to collect the Debt claiming to be an attorney with the State Attorney's Office of Kansas (hereinafter, "Fifth Email"). Please see attached a true and correct copy of the Fifth Email labeled as Exhibit "G."

45.     The Fifth Email contained the following language:

a.      "This is to inform you, that you are going to be legally prosecuted in The Court House within a couple of days."

b.      "Your Social Security Number is put on hold by the US Federal Government"

c.      "It seems apparent that you have chosen to ignore all our efforts to contact you in order to resolve your debt with the Bureau of Defaulters Agency."

d.      "No this means a few things for you, if you are under any state probation or payroll we need to inform you manager/Concerned HR department about what you have don in the past and what would be the consequences once the case has been downloaded and executed in your name."

e.      "Now, FTC is pressing charges against you regarding 3 serious allegations:

i.      Violation of federal banking regulation act 1983 (C)

ii.     Collateral check fraud

iii.    Theft by deception ( ACC ACT 21A)"

f.      "If we do not hear from you within 24 hours of the date on this letter, we will be compelled to seek legal representation from our company Attorney."

g.      "We reserve the right to commence litigation for intent to commit wire

fraud under the pretense of refusing to repay a debt committed to, by use of the internet. In addition we reserve the right to seek recovery for the balance due, as well as legal fees and any court cost incurred."

      h.     "WE CARRY ALL THE RIGHTS RESERVED TO INFORM TO FBI, FTC, HOME LANDS SECURITY AND YOUR EMPLOYER AND BANK ABOUT FRAUD."

      i.     "And once you are found guilty in the court house, then you have to bear the entire cost of this lawsuit which totals to $13,271.15, excluding loan amount, attorney's fee & the interest charges."

      j.     "You have the right to hire an attorney. If you don't have/can't afford one then the court will appoint one for you."

*See* Exhibit "G."

46.     Attached to the Fifth Email was a document titled "**ARREST WARRANT**" (emphasis in the original) (hereinafter, "Alleged Kansas Arrest Warrant"). Please see a true and correct copy of the Alleged Kansas Arrest Warrant attached as Exhibit "H."

47.     The Alleged Kansas Arrest Warrant did not list Plaintiff's name anywhere on the document, but did list "Jason Scott" as an attorney with the State Attorney's Office of Kansas, a seal purporting to be from the "American Legal Services Department of Justice" and what purports to be a judge's signature. However, the only licensed attorney in Kansas named "Jason Scott" works for a private law firm, not the State Attorney's Office, and is in no way affiliated with Defendant.

48.     Additionally, the Alleged Kansas Arrest Warrant contained the following language:

     a.       "In the Matter of Arrest For, **NON-PAID LOAN AND CHECK FRAUD**"

     b.       "To:- Any authorized law enforcement officer"

     c.       "An application by a federal law enforcement officer or an attorney for the government requested to arrest the following person."

     d.       "Charges Pressed against the name are:-

          i.       Count 1: Violation of federal banking regulation

          ii.       Count 2: Collateral Cheque Fraud (According to act no 76)

          iii.       Count 3: Theft By The deception (According to act no 48)"

     e.       "PS: If you fail to Respond within 48 hours this Legal Action will be activated."

     f.       "You be Entitled for an OOCR, so Please Call on (913) 871 9371 and listed this document."

     g.       "I find that the affidavit (S) or any recorded testimony, establish probable cause to arrest the person. [judge's signature]"

*See* Exhibit "H."

49.     On or about April 2, 2015, at approximately 1:43 p.m. ET, Defendant Cashland's "Collections & Legal Department" sent Plaintiff an email in an attempt to collect the Debt (hereinafter, "Sixth Email").  Please see attached a true and correct copy of the Sixth Email labeled as Exhibit "I1-I2."

50.     The Sixth Email contained the following language (all emphasis in original):

     a.       "CASE FILE #: [REDACTED]; Subject – Lawsuit"

     b.       "Balance Amount: $964.52"

c.      "Having checked your Social Security Number through our National Checking Database, and finding out that you have been never charged for a fraud activity, ACS has decided to give you a chance to take care of this issue outside of the Court without you having a report on your Credit History and SSN."

d.      "In order to avoid a lawsuit of $4203.86 against you, we request you to kindly pay the Court Restitution Amount which is $964.52"

e.      "If you settle this matter today, you may be entitiled to get some percentage of deduction on the restitution amount."

f.      "You will have to send us a promissory note in order to hold your case file from being sent to the court house."

g.      "This legal matter will require your cooperation, so kindly get in touch with the department to make a payment and freeze down this case."

h.      **"As you are a defaulter on this credit, the following counts are likely to be represented against you at local County Courthouse:**

        i.      *VIOLATION OF FEDERAL BANKING REGULATION*

        ii.      *COLLATERAL CHECK FRAUD*

        iii.      *THEFT BY DECEPTION"*

i.      "Once the court action is initiated and a Judgment / Decree against you to recover the balance amount with the cost of law suit is received, we may need to ask the court to give on eof the following order, should the debt remains unpaid:-

        i.      <u>Attachment of Earnings base</u> (Earnings Arrestment). Deduction from your wage by your employer or arrestment of part of your salary to satisfy the debt.

ii. <u>Warrant of Execution</u> (Exceptional Attachment Order). Seizure and sale of movable non-essential assets / property by a County Court Bailiff /Sheriff Officer."

j.      "If you are under any state probation or payroll we need you to inform your reporting officer or manager about what you have done in the past and what would be the consequences once the case has been downloaded and executed in your name."

k.      **"If we do not hear from you within 48 hours of the date on this letter, we will be compelled to seek legal representation ."**

l.      "We reserve the right to begin litigation for intent to commit wire fraud under the pretense of refusing to repay a debt committed to, by use of the internet and your SSN."

m.      **"The Factual Basis for the complaints Are as follows:"**

n.      "You accepted to return the funds from this aforementioned pending loan."

o.      "And as per the agreement the funds have yet to be returned and the collateral has proven to be null that is to say of no value."

p.      "Dear debtor, as we were investigating your profile credit bureau & social security administration we need some right answers from your side."

q.      "Also we would like to know when you can pay the requested $964.52 to settle this case."

r.      **"To resolve this issue contact us during the working hours Monday to Friday 09:00 AM to 05:00 PM EDT on <u>(334) 218 3500</u> or reply back to this email to get in touch with the representative."**

18

s.     "NOTE: THIS CASE IS UNDER INVESTIGATION WITH MAJOR

CREDIT BUREAUS."

*See* Exhibit "I1-I2."

51.    On or about April 28, 2015, at approximately 1:41 p.m. ET, Defendant Cashland

sent Plaintiff an email in an attempt to collect the Debt purporting to be from an attorney named

"Michael Davis" (hereinafter, "Seventh Email").  Please see attached a true and correct copy of

the Seventh Email labeled as Exhibit "J1-J2."

52.    The Seventh Email contained the following language (all emphasis in original):

a.     **"Find Your Warrant Copy:- Attorney: - Michael Davis"**

b.     "Bureau of Defaulters Agency – FTC Incorporation"

c.     "This is to inform you, that you are going to be legally prosecuted in the

Court House within a couple of days."

d.     "Your SSN is put on hold by the US Federal Government, so before the

case if filed we would like to notify you about this matter."

e.     "It seems apparent that you have chosen to ignore all our efforts to contact

you in order to resolve your debt with the Bureau of Defaulters Agency."

f.     "At this point you have made your intentions clear and have left us no

choice but to protect our interest in this matter."

g.     "Now this means a few things for you, if you are under any state probation

or payroll we need you to inform your manager/Concerned HR department about what

you have done in the past and what would be the consequences once the case has been

downloaded and executed in  your name."

h.     "Now, FTC is pressing charges against you regarding 3 serious

allegations:

      i.      **Violation of federal banking regulation act 1983 (C)**

      ii.      **Collateral check fraud**

      iii.      **Theft by deception (ACC ACT 21A)**

i.      "If we do not hear from you within 24 hours of the date on this letter, we will be compelled to seek legal representation from our company Attorney."

j.      "We reserve the right to commence litigation for intent to commit wire fraud under the pretense of refusing to repay a debt committed to, by use of the internet."

k.      "In addition we reserve the right to seek recovery for the balance due, as well as legal fees and any court cost incurred."

l.      **"WE CARRY ALL THE RIGHTS RESERVED TO INFORM TO FBI, FTC, AND HOME LANDS SECURITY YOUR EMPLOYER AND BANK ABOUT FRAUD."**

m.      "And once you are found guilty in the court house, then you have to bear the entire cost of this lawsuit which totals to $13,271.15, excluding loan amount, attorney's fee & the interest charges."

n.      "You have the right to hire an attorney."

o.      "If you don't have/can't afford one then the court will appoint one for you."

p.      **"Michael Davis, (301) 637 7449, Senior Attorney"**

*See* Exhibit "J1-J2."

53.      Attached to the Seventh Email was a document titled "**ARREST WARRANT**" (hereinafter, "Alleged Maryland Arrest Warrant"). Please see attached a true and correct copy of

the Alleged Maryland Arrest Warrant labeled as Exhibit "K."

54.    The Alleged Maryland Arrest Warrant did not list Plaintiff's name anywhere on the document, but did list "Michael Davis" as a "Senior Attorney," a seal purporting to be from the "American Legal Services Department of Justice" and what purports to be a judge's signature. However, the only licensed attorneys in Maryland named "Michael Davis" work for private law firms, not any prosecutor's office, and are in no way affiliated with Defendant.

55.    Additionally, the Alleged Maryland Arrest Warrant contained the following language:

a.    "In the Matter of Arrest For, **NON-PAID LOAN AND CHECK FRAUD**"

b.    "To:- Any authorized law enforcement officer"

c.    "An application by a federal law enforcement officer or an attorney for the government requested to arrest the following person."

d.    "Charges Pressed against the name are:-

i.    Count 1: Violation of federal banking regulation

ii.    Count 2: Collateral Cheque Fraud (According to act no 76)

iii.    Count 3: Theft By The deception (According to act no 48)"

e.    "PS: If you fail to Respond within 24 hours this Legal Action will be activated."

f.    "You be Entitled for an OOCR, so Please Call on (301) 637 7449 and listed this document."

g.    "I find that the affidavit (S) or any recorded testimony, establish probable cause to arrest the person. [judge's signature]"

21

*See* Exhibit "K."

56.    Plaintiff has retained Undersigned Counsel for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

57.    As a direct result of Defendants' actions, Plaintiff has suffered severe emotional distress, anxiety, inconvenience, frustration, annoyance, fear, confusion and loss of sleep, believing that the hiring of an attorney for representation with regard to the Debt was wholly ineffective, that the frequent, repeated debt collection attempts would simply have to be endured, that Plaintiff was under investigation by multiple agencies of the federal government, that Defendant had the authority to and would arrest Plaintiff, that Plaintiff's employer and other third parties would be told of Plaintiff's alleged failure to pay a debt, that litigation was pending against Plaintiff in unknown venues, and that Plaintiff's wages would be garnished.

58.    Upon information and belief, Defendants have engaged in a pattern and practice of unlawful debt collection by taking advantage of the least sophisticated consumers that frequently use the short-term consumer loan services Defendants Cash America and CashNetUSA provide by impersonating government officials or agencies and falsely implying that Defendants have the power to arrest said consumers and file legal action against them for Debts that have already been paid in full.

59.    Defendants undertake these practices, despite having notice that consumers debts have been paid in full, despite having knowledge that said practices are prohibited by state and federal debt collection laws, and despite having knowledge that the consumers it targets for such consumer loans are those most likely to actually be deceived into believing Defendants' unlawful

assertions, described above, to be true due to their lack of sophistication with respect to the legal system.

60.     Defendants willfully, knowingly and repeatedly undertake these practices to increase revenue and profitability at the direct expense of consumers' livelihoods and privacy.

61.     Defendants undertake these practices despite having paid $14 million in fines and restitution following an investigation into fraudulent representations in state court documents by Defendants by the Consumer Financial Protection Bureau (hereinafter, "CFPB").   Please see attached a true and correct copy of the CFPB's Consent Order requiring the payment of the aforementioned fines and restitution labeled Exhibit "L1-L20."

62.     Defendants undertake such practices not only repeatedly with regard to a single individual consumer over time, but repeatedly and consistently undertake these practices entity-wide, collecting Debt in such a manner from many different individual consumers.

63.     Defendants undertake such practices with willful disregard for the CFPB's Consent Order's continuing prohibition on falsifying legal process and court documents, demonstrating that even a $14 million civil penalty is insufficient to substantively alter Defendants' behavior.

64.     All of Defendants' unlawful debt collection attempts, as described *supra*, occurred after Defendants were required to pay the aforementioned civil penalty by the CFPB's Consent Order.

65.     The CFPB's Consent Order in no way affects any civil penalty this Court may impose on Defendants.  *See* Exhibit L15, ¶ 58.

66.     Based on this pattern and practice, this Court should grant significant and substantial punitive damages sufficient enough to prevent Defendants from continuing this pattern and practice and to deter such similar future conduct in the Middle District of Florida.

67.     Plaintiff alleges that the imposition of a substantial punitive damage award is required in order to force Defendants to comply with well-established federal and state privacy and debt collection laws, especially given Defendants' continued noncompliance with said regulations following the CFPB's Consent Order.

68.     Florida Statutes, Section 559.77 provides for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants Cash America and CashNetUSA.

69.     United States Code, Title 15, Section 1692k provides for the award of up to $1,000.00 statutory damages, actual damages, and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants Cash America and Cashland.

70.     As of the date of this complaint, Defendants have not initiated a law suit in an effort to collect the Debt. Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, Defendants.

**COUNT ONE:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(1)**

Plaintiff re-alleges paragraphs one (1) through seventy (70) as if fully restated herein and further states as follows:

71.     Defendants are each subject to, and have each violated the provisions of, Florida Statutes, Section 559.72(1) by simulating a law enforcement office or government representative.

24

72.     Specifically, Defendant Cashland simulated being associated with the State Department, the Financial Crimes Enforcement Network, the State Attorney's Office of Kansas and the Department of Justice when Defendant sent Plaintiff the Alleged New York Arrest Warrant, the Final Notice, the Alleged Kansas Arrest Warrant and the Alleged Maryland Arrest Warrant, respectively, in attempts to collect the Debt.  *See* Exhibits C, F, H, and K.

73.     Each of Defendant Cashland's immediately-aforementioned unlawful debt collection attempts were performed on behalf of Defendants Cash America and CashNetUSA and with their knowledge, consent and approval.  Accordingly, said unlawful debt collection attempts constitute indirect attempts by Defendants Cash America and CashNetUSA to collect the Debt.

74.     Further, "Joseph Foster" is not a real attorney, is not licensed in any of the states in which Defendants claim he is, and is not affiliated with any of the agencies with whom Defendants claim to be affiliated.

75.     Additionally, although a "Jason Scott" is a licensed attorney in Kansas, he is not affiliated with any of the government agencies with which Defendant claims to be affiliated and he is not affiliated with Defendants in any way.

76.     Furthermore, although a "Michael Davis" is a licensed attorney in Maryland, he is not affiliated with any of the government agencies with which Defendants claim to be affiliated and he is not affiliated with Defendants in any way.

77.     As "Joseph Foster," "Jason Scott," and "Michael Davis" are not attorneys affiliated with any of the above-listed government agencies, and the contact information provided for Financial Crimes Enforcement Network does not match the agency's published contact information, Defendants have shown no legitimate connection to the State Department,

the Financial Crimes Enforcement Network, the State Attorney's Office of Kansas, or the Department of Justice. Despite not having a legitimate connection to any of the aforementioned government entities, Defendant Cashland—on Defendants Cash America's and CashNetUSA's behalf, and with their knowledge, consent, and approval—drafted its communications to Plaintiff so as to simulate communications from said government entities and deceive Plaintiff into believing that multiple state and federal agencies, and not a private debt collector, were attempting to collect the Debt.

78.     As such, Defendants' conduct violated Florida Statutes, Section 559.72(1).

79.     As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT TWO:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORDA STATUTES, SECTION 559.72(7)**

Plaintiff re-alleges paragraphs one (1) through seventy (70) as if fully restated herein and further state as follows:

80.     Defendants are each subject to, and have each violated the provisions of,, Florida Statutes, Section 559.72(7) by collecting a consumer Debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

81.     Specifically, Defendant Cashland repeatedly threatened Plaintiff with legal action, including sending him the Alleged New York Arrest Warrant, the Alleged Kansas Arrest Warrant, the Alleged Maryland Arrest Warrant (hereinafter, collectively the "Alleged Arrest Warrants") and Final Notice that purported to be from government entities.

82.     Further, Defendant Cashland alleged a different amount due on the Debt each time Defendant contacted Plaintiff, sometimes only hours apart and with no indication of why

26

the amount increased.

83.     Additionally, all of Defendant Cashland's above-described conduct occurred many months after Plaintiff believed he had paid the Debt in full.

84.     Therefore, Defendant Cashland's actions in attempting to collect the Debt from Plaintiff, particularly Defendant Cashland's attempt to take advantage of Plaintiff's lack of sophistication and lack of knowledge of the legal system by impersonating government officials, constitute means that can reasonably be expected to abuse or harass Plaintiff into paying a Debt Plaintiff did not owe.

85.     Each of Defendant Cashland's abovementioned unlawful debt collection attempts were performed on behalf of Defendants Cash America and CashNetUSA and with their knowledge, consent and approval.  Accordingly, said unlawful debt collection attempts constitute indirect attempts by Defendants Cash America and CashNetUSA to collect the Debt.

86.     As such, Defendants' conduct violated Florida Statutes, Section 559.72(7).

87.     As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT THREE:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**<u>VIOLATION OF FLORIDA STATUTES, SECTION 559.72(9)</u>**

Plaintiff re-alleges paragraphs one (1) through seventy (70) as if fully restated herein and further states as follows:

88.     Defendants are each subject to, and have each violated the provisions of, Florida Statutes, Section 559.72(9) by attempting to collect the Debt with knowledge that the Debt is not legitimate or asserting the existence of the legal right with the knowledge that the right does not exist.

89.     Specifically, Defendant Cashland asserted that the Debt was legitimate despite Plaintiff having paid off Plaintiff's prior obligation to Defendant in full over four years prior to Defendant's First Email.

90.     Furthermore, in its communications to Plaintiff, Defendant Cashland asserted it had the right to collect an illegitimate Debt from Plaintiff, the right to issue arrest warrants for Plaintiff if Plaintiff refused to pay the Debt, the right to actually arrest Plaintiff if Plaintiff failed to pay the Debt, and the right to initiate legal proceedings to collect the Debt from Plaintiff when Defendant Cashland knew it did not have any such rights.

91.     Each of Defendant Cashland's immediately-aforementioned unlawful debt collection attempts were performed on behalf of Defendants Cash America and CashNetUSA and with their knowledge, consent and approval.  Accordingly, said unlawful debt collection attempts constitute indirect attempts by Defendants Cash America and CashNetUSA to collect the Debt.

92.     As such, Defendants' conduct violated Florida Statutes, Section 559.72(9).

93.     As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT FOUR:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(11)**

Plaintiff re-alleges paragraphs one (1) through seventy (70) as if fully restated herein and further states as follows:

94.     Defendants are each subject to, and have each violated the provisions of, Florida Statutes, Section 559.72(11) by communicating with Plaintiff under the guise of an attorney (using stationery, legal forms, and other instrumentalities).

95.     Specifically, Defendant Cashland sent Plaintiff the Alleged Arrest Warrants, discussed *supra*, that themselves state that they are "[a]n application by a federal law enforcement officer or an attorney for the government."  *See* Exhibits C, H, and K.

96.     Furthermore, Defendant Cashland sent Plaintiff several communications supposedly signed by a "Joseph Foster" that claimed, in each individual communication, to be an attorney licensed in Texas, Washington, D.C., or New York, however, "Joseph Foster" is not a licensed attorney in any of these states.

97.     Additionally, Defendant Cashland sent Plaintiff the Fifth Email allegedly signed by "Jason Scott," a licensed attorney in Kansas who has no affiliation with Defendant.

98.     Defendant Cashland also sent Plaintiff the Seventh Email and Alleged Maryland Arrest Warrant allegedly signed by "Michael Davis," a licensed attorney in Maryland who has no affiliation with Defendants.

99.     Therefore, Defendant Cashland has both sent Plaintiff documents that should only be properly prepared by an attorney and had at least one of its employees or representatives impersonate an attorney while communicating with Plaintiff.

100.    Each of Defendant Cashland's abovementioned unlawful debt collection attempts were performed on behalf of Defendants Cash America and CashNetUSA and with their knowledge, consent and approval.  Accordingly, said unlawful debt collection attempts constitute indirect attempts by Defendants Cash America and CashNetUSA to collect the Debt.

101.    As such, Defendants' conduct that constitutes a violation of Florida Statutes, Section 559.72(11).

102.    As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT FIVE:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
<u>**VIOLATION OF 15 UNITED STATES CODE, SECTION 1692d**</u>

Plaintiff re-alleges paragraphs one (1) through seventy (70) as if fully restated herein and further states as follows:

103.    Defendants Cash America and Cashland are each subject to, and have each violated the provisions of, 15 United States Code, Section 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the Debt.

104.    Specifically, Defendant Cashland repeatedly threatened Plaintiff with legal action, including sending him the Alleged Arrest Warrants and Final Notice that purported to be from government entities.

105.    Further, Defendant Cashland alleged a different amount due on the Debt each time Defendant contacted Plaintiff, sometimes only hours after apart and with no indication of why the amount had increased.

106.    Additionally, all of Defendant Cashland's above-described conduct occurred many months after Plaintiff believed he had paid the Debt in full.

107.    Therefore, Defendant Cashland's actions in attempting to collect the Debt from Plaintiff, particularly Defendant Cashland's attempt to take advantage of Plaintiff's lack of sophistication and lack of knowledge of the legal system by impersonating government entities, constitute means that can reasonably be expected to abuse or harass Plaintiff into paying a Debt Plaintiff did not owe.

108.    All of Defendant Cashland's abovementioned unlawful debt collection attempts were performed on behalf of Defendant Cash America, and with Defendant Cash America's

knowledge, consent and approval.  Accordingly, said unlawful debt collection attempts constitute indirect attempts by Defendant Cash America to collect the Debt.

109.    As such, Defendant Cashland's and Cash America's conduct violated 15 United States Code, Section 1692d.

110.    As a direct and approximate result of Defendant Cashland's and Cash America's actions, Plaintiff has sustained damages as defined by 15 United States Code, Section 1692k.

**COUNT SIX:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**<u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1692e(1)</u>**

Plaintiff re-alleges paragraphs one (1) through seventy (70) as if fully restated herein and further states as follows:

111.    Defendants Cash America and Cashland are each subject to, and have each violated the provisions of, 15 United States Code, Section 1692e(1) by falsely representing or implying that Defendants are associated with in any way the United States or any State.

112.    Specifically, Defendant Cashland misappropriated the seals of both the United States Department of State, *see* Exhibit C, the Financial Crimes Enforcement Network, *see* Exhibit F, and the State Attorney's Office of Kansas, *see* Exhibit H.

113.    Furthermore, Defendant Cashland's agents or representatives communicated with Plaintiff under the guise of being representatives of, or associated with, the above-listed government agencies in each of the electronic mail messages Defendant Cashland sent Plaintiff.

114.    By using the seals of these government entities and falsely representing to Plaintiff that Defendant Cashland's agents or representatives were associated with the above-listed government entities, Defendant Cashland falsely represented or implied to Plaintiff that Defendants are associated with the United States and/or the State of Kansas.

115.    All of Defendant Cashland's abovementioned unlawful debt collection attempts were performed on behalf of Defendant Cash America, and with Defendant Cash America's knowledge, consent and approval.  Accordingly, said unlawful debt collection attempts constitute indirect attempts by Defendant Cash America to collect the Debt.

116.    As such, Defendant Cash America's and Cashland's conduct violated 15 United States Code, Section 1692e(1).

117.    As a direct and proximate result of Defendant Cash America's and Cashland's actions, Plaintiff has sustained damages as defined by 15 United States Code, Section 1692k.

**COUNT SEVEN:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**<u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1692e(3)</u>**

Plaintiff re-alleges paragraphs one (1) through seventy (70) as if fully restated herein and further states as follows:

118.    Defendants Cash America and Cashland are each subject to, and have each violated the provisions of, 15 United States Code, Section 1692e(3) by falsely representing or implying that Defendant Cashland's representative is an attorney or that any communication is from an attorney.

119.    Specifically, Defendant Cashland sent Plaintiff the Alleged Arrest Warrants, documents that themselves state that they are "[a]n application by a federal law enforcement officer or an attorney for the government."  *See* Exhibits C, H, and K.

120.    Furthermore, Defendant Cashland sent Plaintiff several communications supposedly signed by a "Joseph Foster" that claimed, in each individual communication, to be an attorney licensed in Texas, Washington, D.C., or New York, however, "Joseph Foster" is not a licensed attorney in any of these jurisdictions.

121.     Additionally, Defendant Cashland sent Plaintiff the Fifth Email allegedly signed by "Jason Scott," a licensed attorney in Kansas, who has no affiliation with Defendants.

122.     Defendant Cashland also sent Plaintiff the Seventh Email and Alleged Maryland Arrest Warrant allegedly signed by "Michael Davis," a licensed attorney in Maryland who has no affiliation with Defendants.

123.     Therefore, Defendant Cashland has both sent Plaintiff documents that should only be properly prepared by an attorney and had at least one of its employees or representatives impersonate an attorney while communicating with Plaintiff.

124.     All of Defendant Cashland's abovementioned unlawful debt collection attempts were performed on behalf of Defendant Cash America, and with Defendant Cash America's knowledge, consent and approval.  Accordingly, said unlawful debt collection attempts constitute indirect attempts by Defendant Cash America to collect the Debt.

125.     As such, Defendant Cash America's and Cashland's conduct constitutes a violation of 15 United States Code, Section 1692e(3).

126.     As a direct and proximate result of Defendant Cash America's and Cashland's actions, Plaintiff has sustained damages as defined by 15 United States Code, Section 1692k.

## COUNT EIGHT:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTIONS 1692e, 1692e(4), 1692e(10)

Plaintiff re-alleges paragraphs one (1) through seventy (70) as if fully restated herein and further states as follows:

127.     Defendants Cash America and Cashland are each subject to, and have each violated the provisions of, 15 United States Code, Section 1692e(4) by using false, deceptive, or misleading representation or means in connection with the collection of the Debt, including

falsely representing that the nonpayment of the Debt will result in the arrest or imprisonment of Plaintiff or the seizure, garnishment, attachment, or sale of any property or wages of Plaintiff where such action is unlawful.

128.    Specifically, Defendant Cashland sent Plaintiff the Alleged New York Arrest Warrant, which states on its face that "[v]iolation of these laws carry criminal penalties of up to five years imprisonment." *See* Exhibit C.

129.    Furthermore, Defendant Cashland stated in the First Email that if Plaintiff did not pay the Debt, "[Plaintiff's] salary wages will be garnished." *See* Exhibit A1-A2.

130.    Additionally, Defendant Cashland stated in the Third Email that if Plaintiff did not pay the Debt, "[Plaintiff's] salary and all [Plaintiff's] wages confiscated." *See* Exhibit D1-D2.

131.    Overall, Defendant Cashland repeatedly misled and falsely represented to Plaintiff that Defendant was associated with numerous governmental entities, that Defendants had the authority to initiate legal proceedings against Plaintiff, including the authority to issue and carry out the Alleged Arrest Warrants, that Defendants were associated with at least one attorney, and that the Debt itself was legitimate and enforceable.

132.    All of Defendant Cashland's abovementioned unlawful debt collection attempts were performed on behalf of Defendant Cash America, and with Defendant Cash America's knowledge, consent and approval.  Accordingly, said unlawful debt collection attempts constitute indirect attempts by Defendant Cash America to collect the Debt.

133.    As such, Defendant Cash America's and Cashland's conduct throughout their attempts, direct and indirect, to collect the Debt constitutes a violation of 15 United States Code, Sections 1692e, 1692e(4), and 1692e(10).

134.    As a direct and approximate result of Defendant Cash America's and Cashland's actions, Plaintiff has sustained damages as defined by 15 United States Code, Section 1692k.

**COUNT NINE:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**<u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1692e(5)</u>**

Plaintiff re-alleges paragraphs one (1) through seventy (70) as if fully restated herein and further states as follows:

135.    Defendants Cash America and Cashland are each subject to, and have each violated the provisions of, 15 United States Code, Section 1692e(5) by threatening to take an action that cannot be legally taken or that is not intended to be taken.

136.    Specifically, in several of Defendant Cashland's emails to Plaintiff, Defendant Cashland asserted that legal action would be initiated in a certain time frame following Plaintiff's receipt of the email unless Plaintiff made a payment on the Debt.  The specific assertions are as follows:

> i)    In the First Email: "We have sent you this warning notification about legal proceedings on March 8, 2014 but you failed to respond on time now it's high time if you failed to respond in next 24 HOURS we will register this case in court. Consider this as a final warning."  *See* Exhibit A1-A2.

> ii)    In the Second Email: "In order to get additional information in regards to this matter you MUST call within 6 hours of receipt of this e-mail message. Should you ignore this communiqué, we WILL advice our CLIENT to PROCEED further with the LEGAL ACTION AGAINST you."  *See* Exhibit B.

> iii)    In the Third Email: "We have sent you this warning notification about legal proceedings on May 8, 2014 but you failed to respond on time now it's high

time if you failed to respond in next 24 HOURS we will register this case in court. Consider this as a final warning." *See* Exhibit D1-D2.

iv)     In the Fourth Email: "This is to inform you, that you are going to be legally prosecuted in the Court House within a couple of days." *See* Exhibit E1-E2.

v)      In the Fifth Email: "This is to inform you, that you are going to be legally prosecuted in the Court House within a couple of days." *See* Exhibit G.

vi)     In the Sixth Email: "If we do not hear from you within 48 hours of the date on this letter, we will be compelled to seek legal representation." *See* Exhibit I1-I2.

vii)    In the Seventh Email: "If we do not hear from you within 24 hours of the date on this letter, we will be compelled to seek legal representation from our company Attorney." *See* Exhibit J1.

137.    Additionally, Defendant Cashland sent Plaintiff the Alleged Arrest Warrants and Final Notice, claiming in each of these documents to be associated with a law enforcement agency of the Kansas state government or the federal government with the power to arrest Plaintiff for failing to pay the Debt.

138.    Furthermore, Defendant Cashland's Fourth Email to Plaintiff carried the subject heading "FINAL NOTICE BEFORE ARREST" and contained the statement, "WE CARRY ALL THE RIGHTS RESERVED TO INFORM TO FBI, FTC, YOUR EMPLOYER AND BANK ABOUT FRAUD."

139.    However, Defendants have not provided any proof indicating Plaintiff has committed any fraud whatsoever, nor have Defendants even provided any proof that Plaintiff still

36

owes Defendants any amount under the Debt.

140.    As Defendants have no association with any law enforcement agency, Defendant Cashland could not legally arrest Plaintiff nor initiate any sort of 'legal proceedings' against him.

141.    All of Defendant Cashland's abovementioned unlawful debt collection attempts were performed on behalf of Defendant Cash America, and with Defendant Cash America's knowledge, consent and approval.  Accordingly, said unlawful debt collection attempts constitute indirect attempts by Defendant Cash America to collect the Debt.

142.    As such, Defendants Cash America and Cashland have violated 15 United States Code, Section 1692e(5) by threatening to take actions that cannot legally be taken.

143.    As a direct and proximate result of Defendant Cash America's and Cashland's actions, Plaintiff has sustained damages as defined by 15 United States Code, Section 1692k.

### COUNT TEN:
### FAIR DEBT COLLECTION PRACTICES ACT –
### VIOLATION OF 15 UNITED STATES CODE, SECTION 1692e(13)

Plaintiff re-alleges paragraphs one (1) through seventy (70) as if fully restated herein and further states as follows:

144.    Defendants Cash America and Cashland are each subject to, and have each violated the provisions of, 15 United States Code, Section 1692e(13) by falsely representing or implying that documents are legal process.

145.    Specifically, Defendant Cashland used the seals of the State Department, the State Attorney's Office of Kansas, and the Financial Crimes Enforcement Network on the Alleged New York Arrest Warrant, the Alleged Kansas Arrest Warrant, and Final Notice, respectively.

146.    Defendants, however, are not affiliated with any of the above-listed agencies and have no authority to issue such documents.

147.     All of Defendant Cashland's abovementioned unlawful debt collection attempts were performed on behalf of Defendant Cash America, and with Defendant Cash America's knowledge, consent and approval.  Accordingly, said unlawful debt collection attempts constitute indirect attempts by Defendant Cash America to collect the Debt.

148.     As such, Defendants Cash America and Cashland have each violated 15 United States Code, Section 1692e(13) by falsely representing to Plaintiff that said documents are legal process.

149.     As a direct and proximate result of Defendant Cash America's and Cashland's actions, Plaintiff has sustained damages as defined by 15 United States Code, Section 1692k.

**COUNT ELEVEN:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1692f and f(1)**

Plaintiff re-alleges paragraphs one (1) through seventy (70) as if fully restated herein and further states as follows:

150.     Defendants Cash America and Cashland are each subject to, and have each violated the provisions of, 15 United States Code, Section 1692f and f(1) by using unfair or unconscionable means to collect the Debt, including attempting to collect an amount (including interest, fees, charges, or expenses incidental to the principle obligation) not expressly authorized by the agreement creating the Debt or otherwise permitted by law.

151.     Specifically, in several of Defendant Cashland's emails to Plaintiff, Defendant Cashland asserted that legal action would be initiated in a certain time frame following Plaintiff's receipt of the email unless Plaintiff made a payment on the Debt. The specific assertions are as follows:

        i)      In the First Email: "We have sent you this warning notification about legal

38

proceedings on March 8, 2014 but you failed to respond on time now it's high time if you failed to respond in next 24 HOURS we will register this case in court. Consider this as a final warning." *See* Exhibit A1-A2.

ii)      In the Second Email: "In order to get additional information in regards to this matter you MUST call within 6 hours of receipt of this e-mail message. Should you ignore this communiqué, we WILL advice our CLIENT to PROCEED further with the LEGAL ACTION AGAINST you." *See* Exhibit B.

iii)      In the Third Email: "We have sent you this warning notification about legal proceedings on May 8, 2014 but you failed to respond on time now it's high time if you failed to respond in next 24 HOURS we will register this case in court. Consider this as a final warning." *See* Exhibit D1-D2.

iv)      In the Fourth Email: "This is to inform you, that you are going to be legally prosecuted in the Court House within a couple of days." *See* Exhibit E1-E2.

v)      In the Fifth Email: "This is to inform you, that you are going to be legally prosecuted in the Court House within a couple of days." *See* Exhibit G.

vi)      In the Sixth Email: "If we do not hear from you within 48 hours of the date on this letter, we will be compelled to seek legal representation." *See* Exhibit I1-I2.

vii)      In the Seventh Email: "If we do not hear from you within 24 hours of the date on this letter, we will be compelled to seek legal representation from our company Attorney." *See* Exhibit J1.

152.   Additionally, Defendant Cashland sent Plaintiff the Alleged Arrest Warrants and

Final Notice, claiming in each of these documents to be associated with a law enforcement agency of the Kansas state government or the federal government with the power to arrest Plaintiff for failing to pay the Debt.

153.    Furthermore, Defendant Cashland's Fourth Email to Plaintiff carried the subject heading "FINAL NOTICE BEFORE ARREST" and contained the statement, "WE CARRY ALL THE RIGHTS RESERVED TO INFORM TO FBI, FTC, YOUR EMPLOYER AND BANK ABOUT FRAUD" (emphasis in original).

154.    However, Defendants have not provided any proof indicating Plaintiff has committed any fraud whatsoever, nor have Defendants even provided any proof that Plaintiff still owes Defendants any amount under the Debt.

155.    Further, Plaintiff fully paid off any obligation he owed to Defendants on the Debt when he made a payment of $555.00 on June 4, 2010 to Defendant CashNetUSA.

156.    Therefore, any attempt by Defendant Cashland to collect any amount whatsoever on the Debt after June 4, 2010 is an attempt to collect an amount on the Debt not expressly authorized by the agreement creating the Debt.

157.    All of Defendant Cashland's abovementioned unlawful debt collection attempts were performed on behalf of Defendant Cash America, and with Defendant Cash America's knowledge, consent and approval.  Accordingly, said unlawful debt collection attempts constitute indirect attempts by Defendant Cash America to collect the Debt.

158.    As the above-listed actions were calculated by Defendants Cash America and Cashland to take advantage of Plaintiff's lack of sophistication and legal knowledge and to intimidate or frighten Plaintiff into paying the Debt, Defendants Cash America and Cashland have each violated 15 United States Code, Sections 1692f and f(1) by using unfair and

unconscionable means to collect the Debt, including attempting to collect an amount on the Debt not expressly authorized by the agreement creating the Debt.

159.     As a direct and proximate result of Defendant Cash America's and Cashland's actions, Plaintiff has sustained damages as defined by 15 United States Code, Section 1692k.

## COUNT TWELVE:
## DECLARATORY AND INUNCTIVE RELIEF

Plaintiff re-alleges paragraphs one (1) through seventy (70) as if fully restated herein and further states as follows:

160.     Unless the Defendants are immediately enjoined from continuing their unlawful attempts to collect the Debt from Plaintiff, Plaintiff will suffer irreparable injury.

161.     Plaintiff has no adequate remedy at law.

162.     Plaintiff has a clear legal right to the protections of the FCCPA, FDCPA, and state and federal privacy laws.

163.     Given Defendants' conduct and their apparent intention and ability to continue to collect the Debt directly from Plaintiff in violation of said debt collection laws and the CFPB's Consent Order, Plaintiff has no adequate remedy at law.  Plaintiff needs and is entitled to injunctive relief.

164.     The requested injunction is reasonably necessary to protect the legal rights of Plaintiff and will have no adverse effect on the public welfare.

## PRAYER FOR RELIEF

**WHEREFORE,** as a direct and proximate result of the Defendants' conduct, Plaintiff respectfully requests against each Defendant entry of:

a.     Judgment against each Defendant, declaring that each Defendant violated the FCCPA;

41

b.      Judgment against each Defendant for maximum statutory damages for each Defendant's violations of the FCCPA;

c.      Judgment against each Defendant for punitive damages for each Defendant's violations of the FCCPA, in an amount to be determined at trial;

d.      Judgment against Defendants Cash America and Cashland for maximum statutory damages for each Defendant's violations of the FDCPA;

e.      Judgment against each Defendant for actual damages incurred by Plaintiff, in an amount to be determined at trial;

f.      Judgment against each Defendant for injunctive relief for Defendants' continued violations of the FCCPA;

g.      An award of reasonable attorneys' fees and costs; and

h.      Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this potential litigation as required by law.

Respectfully submitted,

**LEAVENLAW**

*/s/ Aaron M. Swift*
□ **Ian R. Leavengood, Esq., FBN 0010167**
[X] **Aaron M. Swift, Esq., FBN 0093088**
□ **Gregory H. Lercher, Esq., FBN 0106991**
□ **Sara J. Weiss, Esq., FBN 0115637**
Northeast Professional Center
3900 First Street North, Suite 100

42

St. Petersburg, FL 33703
Phone:  (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
aswift@leavenlaw.com
glercher@leavenlaw.com
sweiss@leavenlaw.com
*Attorneys for Plaintiff*

## <u>VERIFICATION OF COMPLAINT AND CERTIFICATION</u>

STATE OF FLORIDA     )
             )
COUNTY OF PINELLAS    )

Plaintiff BRIAN MURPHY, having first been duly sworn and upon oath, deposes and says as follows:

1.  I am a Plaintiff in this civil proceeding.

2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.  I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6.  Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7.  Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

BRIAN MURPHY

Subscribed and sworn to before me
this 19 day of June, 2015.

Notary Public

Proof of I.D.: Personally Known

My Commission Expires:

ASHLEY R PATRICK
MY COMMISSION #FF18111?
EXPIRES December 13, 201?
FloridaNotaryService.com
(407) 398-0153